IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM ARGENTINA )
IN THE MATTER OF )   Misc. No. 06-
IMPSAT FIBER NETWORKS, INC. )

## GOVERNMENT'S MEMORANDUM OF LAW
## IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Argentina. A translation of the letter of request is attached.

FACTUAL BACKGROUND:

This application relates to civil litigation in Argentina arising from a labor dispute. The Argentinian Court has requested assistance relating to information that may be in the District of Delaware.

EVIDENCE SOUGHT:

The Argentinian authorities seek information from a company which may reside in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which

states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Argentina and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. <u>In Re Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 689-91 (D.C. Cir. 1989); <u>In Re Letters Rogatory from the Tokyo District, Tokyo, Japan</u>, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. <i>Id.</i>

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *Richard G. Andrews*
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 1/3/06