———TRADUCCIÓN PÚBLICA – CERTIFIED TRANSLATION———

**DIPLOMATIC LETTERS ROGATORY** ———————————————

[Top right-hand corner: Seal:] Court of First Instance for Labor Matters No. 10 in and for the City of Buenos Aires. ——————————————————————

[Raised seal at the top of the page:] Interjurisdictional Judicial Communications Agreement ——————————————————————————————

[In the left-hand margin there is an illegible signature and a seal:] Liliana N. González, Esq., Secretary. ————————————————————————

SARA NIEVES SILVA, JUDGE IN CHARGE OF THE COURT OF FIRST INSTANCE FOR LABOUR MATTERS No. TEN IN AND FOR THE CITY OF BUENOS AIRES, DOMICILED AT AVDA. ROQUE SÁENZ PEÑA 760 PISO 8º OF THE CITY OF BUENOS AIRES, REPUBLIC OF ARGENTINA, TO THE JUDGE PRESIDING OVER A SIMILAR COURT OF COMPETENT JURISDICTION IN SESSION IN WILMINGTON, COUNTY OF NEWCASTLE, DELAWARE, UNITED STATES OF AMERICA, SENDS GREETINGS AND HAS THE HONOR TO COMMUNICATE: ——

Before the court under my charge, the case entitled **"PESCARMONA, Enrique Menotti c/ IMPSAT S.A." (Expte. Nº 28199/03)** [PESCARMONA, Enrique Menotti v. IMPSAT S.A." (File No. 28199/03)] is pending, and the present diplomatic letters rogatory has been caused to be issued requesting YOUR HONOR to take the necessary steps to serve notice of these presents on Impsat Fiber Networks Inc., domiciled at Corporation Trust Center, 209 Orange Street, Wilmington, County of Newcastle, Delaware, United States of North America, in order that the said organization provide the information requested below: ——————————

- Who were the direct or indirect stockholders of said company from its creation up to February 2003, and thereafter? ———————————————————
- What functions did Mr. Enrique Menotti Pescarmona perform in said company or what positions did he hold in same? ————————————————
- Details of the company's debt restructuring plan devised between 2002 and 2003; -
- What did the plan contemplate as regards the company's Board of Directors? ——
- What did the plan contemplate as regards the company's stock? ———————
- Was the plan approved judicially? ————————————————————
- What companies were controlled by Impsat Fiber Networks, and what countries did they belong to? ——————————————————————————
- When did Mr. Enrique Menotti Pescarmona leave the position of Chairman of the



1

- company's Board of Directors?
- What salary was Mr. Enrique Pescarmona paid in his capacity as Chairman of the Board of Directors of the company?

Your Honor is informed that the jurisdiction of this court derives from the rules set out in Sections 20, 21 and 24 of Law 18345.

The sum claimed amounts to $ 984,107 (nine hundred and eighty-four thousand one hundred and seven pesos) plus US$ 2,541,674 (two million five hundred and forty-one thousand six hundred and seventy-four U.S. dollars).

[Overleaf:] The court order whereby this diplomatic letters rogatory is caused to be issued reads as follows: "Buenos Aires, 12 August 2004. ...In reply to item XIII, as requested, and in view of the fact that the production of evidence based on information in possession of IMPSAT FIBER NETWORKS INC. was not denied, I hereby order that a request for said evidence to be furnished be made through a LETTERS ROGATORY. Signed by: Sara Nieves Silva. Judge." ANOTHER COURT ORDER: "Buenos Aires, 3 May 2005: with reference to the request appearing on page 1858, may said documentation be incorporated into the file and given due consideration, and may the attached letters rogatory be duly verified. With reference to the request appearing on page 1859, may it be incorporated into the file and resolved as per the ruling appearing on page 1798. Signed by: Sara Nieves Silva. Judge."

In compliance with the provisions set out in the Convention on the taking of evidence abroad in Civil or Commercial Matters, approved by our country by law 23480 (section 3, paragraph c), I inform Your Honor that the subject matter of this lawsuit is a claim for the collection of sums due by way of compensation for dismissal and unpaid salaries filed by Mr. Pescarmona, while Impsat S.A. asserts the inadmissibility of the items claimed and states that Mr. Pescarmona was the principal stockholder of the company and held the position of director without rendering services.

In compliance with the provisions set out in Law 23480 (section 4, paragraph 4), I inform Your Honor that the present letters rogatory was issued because the defendant intends to prove that Mr. Pescarmona was either directly or indirectly the principal stockholder of Impsat Fiber Networks Inc., i.e. the Chairman of the Board, according to the term used in the U.S. to describe his position, in addition to proving the remaining information requested in these presents.

Johanna Ravelo, attorney-at-law, domiciled at 2040 North Dixie Hwy., Wilton Manors, Fort Lauderdale, Florida, is hereby authorized to take care of the processing of these presents.

CECILIA A
TRADUCTO
ING
CAP. FED.
LA PLATA
MATRICU

I request Your Honor to give these presents due fulfillment, hereby offering reciprocity in analogous cases. ————————————————————————

Done, signed and sealed in my official capacity in the City of Buenos Aires, capital of the Republic of Argentina, on the 27th day of the month of May 2005. ————

[There follow an illegible signature and a seal:] Sara N. Silva, Federal Judge. ————

[Raised seal at the top of the second page:] Interjurisdictional Judicial Communications Agreement ————————————————————————

**NATIONAL JUDICIAL BRANCH.** In my capacity as Chief Justice of the Court of Appeals for Labor Matters in and for the City of Buenos Aires, Republic of Argentina, I hereby certify that the foregoing signature belonging to Sara Nieves Silva in her capacity as Judge of First Instance for Labor Matters in charge of the Court of First Instance for Labor Matters No. 10 in and for the City of Buenos Aires is authentic and coincides with the one filed in the records of this Court's General Secretariat. Buenos Aires, 3 June 2005. ————————————————————————

[There follow an illegible signature and a seal:] Juan Andrés Ruiz Díaz, Chief Justice. [Seal:] Court of Appeals for Labor Matters in and for the City of Buenos Aires. ————————————————————————

[There follow an illegible signature and a seal in the left-hand margin:] Claudio M. Riancho – Prosecretary General. ————————————————————————

**APOSTILLE** [there follows a text in a foreign language:] *(Convention de La Haye du 5 octobre 1961).* ————

1. Country: **ARGENTINA.** ————

This public document ————

2. has been signed by **Juan Andrés Ruiz Díaz.** ————

3. acting in the capacity of **Chief Justice.** ————

4. Signed under the seal / stamp of the **Court of Appeals for Labor Matters in and for the City of Buenos Aires.** ————

5. In **Buenos Aires.** 6. On **9 June 2005.** 7. By the **Certifications Coordination Unit of the Ministry of Foreign Affairs, International Trade and Worship.** 8. Under No.: **103927.** 9. Seal / Stamp: **$ 39.** 10. Signature: [There follow an illegible signature and a seal:] **Domingo Topazio. Certifications Coordination Unit. Ministry of Foreign Affairs, International Trade and Worship.** ————

[There is a seal stamped on the Apostille:] Certifications Coordination Unit. Ministry of Foreign Affairs, International Trade and Worship. [There is a seal stamped on the

3

document in pink ink which says:] The present certification is issued to the sole effect of authenticating the signature and capacity of the issuer without judging the contents of the document. [There is a ticket attached to the document, issued by Banco Ciudad de Buenos Aires – Branch 770 – Ministry of Foreign Affairs. Said ticket was issued on 9 June 2005 evidencing payment of the pertinent stamp tax ($39). There is a handwritten number: 103927.] ———————————————————————————

The foregoing IS A TRUE TRANSLATION into English of the original document in Spanish attached hereto, that I sign and seal in the City of Buenos Aires, Republic of Argentina, on the 10th day of the month of June 2005. ———————————————

[I am including a certification of this translation in Spanish in the event it should have to be presented before local authorities.] ———————————————————

ES TRADUCCION FIEL al inglés del documento original redactado en idioma nacional que adjunto a la presente, al que me remito en la Ciudad de Buenos Aires, República Argentina, a los 10 días del mes de junio de 2005. ———————————————

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización
N° 14 - 4653/05
SILVIA EDITH LECUONA

CECILIA A. ROSENFELD
TRADUCTORA PUBLICA
INGLES
CAP. FED. T° VI - F° 224
LA PLATA T° VII - F° 52
MATRICULA N° 654

4